IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:04-CR-32 |
| | ) | (PHILLIPS/SHIRLEY) |
| PERRY D. McCREARY-REDD, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on September 27, 2007, for a motion hearing on the defendant's Motion for Hearing to Declare Plea Agreement Void [Doc. 83] and the government's Motion to Reinstate Count One of Indictment. [Doc. 95] Assistant United States Attorney Tracee Plowell was present representing the government. Attorney Mike Whalen was present representing Defendant McCreary-Redd, who was also present. At the conclusion of the hearing, the Court took the motions under advisement. The Court will address each motion in turn.

**I.      Defendant's Motion for Hearing to Declare Plea Agreement Void [Doc. 83]**

Defendant McCreary-Redd ("Defendant") moves the Court to declare the original plea agreement entered into between Defendant and the government void. Defendant offers three bases in support of his motion: (1) the Sixth Circuit, through its mandate and opinion in this matter, effectively declared that the plea agreement was void; (2) the plea agreement fails under the rules

1

of contract construction; and (3) the government violated the agreement by failing to properly advise the sentencing court of Defendant's cooperation. The government opposes Defendant's motion, arguing that plea agreement itself is valid, and that only the factual basis in support of the agreement was flawed.

At the hearing, defense counsel indicated for the first time that one of the issues Defendant sought to address by bringing his motion is whether the government would be able to use evidence obtained from Defendant while Defendant was cooperating with the authorities pursuant to the plea agreement. As noted, this was the first time that the issue of exclusion was raised by Defendant, and the parties' briefs do not address whether any evidence obtained as a result of Defendant's cooperation should be admissible if this matter proceeds to trial. The Sixth Circuit, in Defendant's appeal, vacated Defendant's pleas and remanded the case for "pleading anew." United States v. McReary-Redd, 475 F.3d 718, 727 (6th Cir. 2007). At Defendant's arraignment on the superseding indictment (which contained the three original charges, as well as three new charges), Defendant pled anew, pleading not guilty to all charges.

The Sixth Circuit has held that when a defendant withdraws his guilty plea on remand, such as in the instant case, any plea agreement previously entered into is effectively nullified. United States v. Jones, 469 F.3d 563, 565 (6th Cir. 2006) ("once [defendant] withdrew his guilty plea, the plea agreement was nullified"). In light of that jurisprudence, the Court finds that the plea agreement is effectively void, as Defendant has elected, at least at this point in the proceedings, to enter a not guilty plea as to all charges against him. In making this finding, the Court makes no finding at this time as to whether the plea agreement was void *ab initio*, was rendered void by action of the Sixth Circuit, or had been breached by the government. The Court

2

finds that the plea agreement was effectively nullified by the Sixth Circuit and neither party is bound by the promises or obligations contained in the plea agreement. However, given that Defendant's primary objective appears to be the exclusion of <u>any</u> evidence obtained by the government during the course of Defendant's cooperation pursuant to the plea agreement, the Court finds that issue to be premature at this stage in the proceedings and that it would be better addressed through a motion in limine directly raising, and briefing,[1] that issue. Accordingly, to the extent that Defendant sought to void the plea agreement so that he could enter a not guilty plea, the Court respectfully **RECOMMENDS** that the motion be granted in part. To the extent that Defendant intended his motion [Doc. 83] to preclude the introduction of evidence at trial, the Court respectfully **RECOMMENDS** that the motion be denied in part without prejudice to file a motion in limine at the appropriate time.

## II. Government's Motion to Reinstate Count One of Indictment [Doc. 95]

The government moves the Court to reinstate Count One of the Indictment, which was dismissed pursuant to the plea agreement [Doc. 46] previously entered into in this matter. During the hearing, Defendant did not oppose the motion.

The Court notes that the Sixth Circuit has held that "the government may pursue charges dismissed as proof of a plea agreement after an appellate court decision in the defendant's favor prompts the defendant to withdraw his guilty plea." <u>Jones</u>, 469 F.3d at 566 (citation omitted).

---

[1] For example, in deciding whether any evidence should be excluded under Rule 410, the Court must know whether the evidence in question was obtained through discussions made in the course of plea discussions with a prosecuting attorney, which Rule 410 specifically excludes, or discussions with law enforcement officers, which the Sixth Circuit has held should not be excluded. <u>Jones</u>, 469 F.3d at 567 ("The case law is clear that statements made to authorities pursuant to cooperation plea agreements are not protected because they are not 'made in the course of plea discussions.'"). That issue has not been addressed by the parties.

3

The Sixth Circuit has further held that "[w]hen a defendant repudiates a plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy or other obstacle to restoring the relationship between the defendant and the [government] as it existed prior to the defunct bargain." Reid v. United States, No. 96-2015, 1998 U.S. App. LEXIS 2130, at *5-6 (6th Cir. Feb. 10, 1998) (citing United States v. Kim, 884 F.2d 189, 191 (5th Cir. 1989). In light of the Sixth Circuit's jurisprudence, the Court respectfully **RECOMMENDS** that the government's motion [Doc. 95] be granted.

### III. Conclusion

For the reasons described more fully above, the Court respectfully **RECOMMENDS** that Defendant's motion [Doc. 83] be granted in part, to the extent that the plea agreement is effectively void, and denied in part without prejudice to file, at the appropriate time, a motion directly challenging the admissibility under Rule 410 of any evidence obtained during Defendant's cooperation pursuant to the plea agreement. The Court further **RECOMMENDS** that the government's motion [Doc. 95] be granted.[2]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed with the clerk of the court within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).