UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-32 |
| | ) | (Phillips) |
| PERRY McCREARY REDD | ) | |

### ORDER

This matter is before the court on defendant's motion to preclude testimony of a police expert by the government [Doc. 117]. Defendant moves the court to preclude the government from introducing testimony of law enforcement personnel as expert testimony in the methodology of the distribution and possession with intent to distribute cocaine and cocaine base based on three theories: First, that the evidence is insufficient under Federal Rules of Evidence, Rule 702. Second, that the introduction of such evidence will unfairly permit the jury to place greater weight on law enforcement testimony. Third, that the introduction of such evidence is contrary to the Sixth Circuit's mandate in this case.

I

Defendant submits that the introduction of law enforcement testimony is unreliable and fails to satisfy the requirements of Rule 702, Federal Rules of Evidence.

Federal Rule of Evidence 702 provides that if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness

qualified as an expert by knowledge, skill, experience, training or education, may testify thereto. . . ." The Sixth Circuit has allowed police officers to testify as expert witnesses about criminal activity since knowledge of such activity is generally beyond the understanding of the average layman. *See United States v. Thomas,* 74 F.3d 676, 682 (6th Cir. 1996). Further, police officers are routinely allowed to testify that circumstances are consistent with distribution of drugs rather than personal use. *See United States v. Swafford,* 385 F.3d 1026, 1029-30 (6th Cir. 2004); *United States v. Jones,* 81 Fed. Appx. 45, 48 (6th Cir. 2003); *United States v. Dillard,* 78 Fed. Appx. 505, 514-15 (6th Cir. 2003); *United States v. Quinn,* 230 F.3d 862, 866 (6th Cir. 2000). Inasmuch as the introduction of properly qualified law enforcement testimony as expert testimony is well-established in the Sixth Circuit, defendant's position is without merit.

II

Defendant next contends that permitting the introduction of law enforcement testimony as expert testimony will allow the jury to place greater weight on law enforcement testimony than other witnesses. Again, defendant's argument is not supported by Sixth Circuit authority. To the contrary, the Sixth Circuit has held that such expert testimony by police officers is not unfairly prejudicial, particularly when the district court provides cautionary instructions to the jury. *Thomas,* 74 F.3d at 683. The government has stated that it has no objection to the standard instruction on evaluating the testimony of law enforcement as contained in the Sixth Circuit's pattern jury instructions. Therefore, defendant's objection is overruled.

## III

Finally, defendant contends that the Sixth Circuit's mandate in this case prohibits the introduction of this expert testimony. The court disagrees. The Sixth circuit's opinion simply sets forth that the facts stipulated in support of defendant's plea of guilty were insufficient to support the charge. There is nothing in the Sixth Circuit's mandate which restricts the government from introducing at trial evidence outside of the factual basis.

Accordingly, for the reasons stated above, defendant's motion in limine [Doc. 117 is **DENIED**.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge