IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-32 |
| | ) | (Phillips / Shirley) |
| PERRY DEWHAYNE MCCREARY-REDD | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 9, 2008 on the government's Motion to Continue [Doc. 119], filed on December 31, 2007. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney Mike Whalen appeared on behalf of the defendant, who was also present.

In its motion, the government asks the Court for a two-week continuance of the January 14, 2008 trial date, contending that one of their main witnesses will be unavailable to testify during the week of January 14, 2008 of for weeks thereafter. The government contends the witness will be out of the jurisdiction and unable to return for reasons related to national security.

At the January 9 hearing, AUSA Plowell proffered that the witness whose availability at issue is an essential, material witness for the government, thus the delay resulting from his absence is fully excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A) and (B). The Court suggested and both AUSA Plowell and Attorney Whalen agreed the time between the date of the

filing of the motion and the new date of the trial is properly excludable from the operation of the Speedy Trial Act under section 3161(h)(3)(A).

The Court finds the government's Motion to Continue well-taken. The Speedy Trial Act excludes from the calculation of time a period of delay caused by the unavailability of an essential witness. 18 U.S.C. § 3161(h)(3)(A); see also Barker v. Wingo, 407 U.S. 514, 531 (1972). A witness is deemed unavailable "whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). However, the Act cautions that an ends-of-justice continuance cannot be granted due to the government attorney's "failure to obtain available witnesses." 18 U.S.C. § 3161(h)(8)(C). Thus, the government must show the Court that its inability to procure an essential witness is not a result of their failure to adequately prepare for trial or because the trial date is inconvenient to potential witnesses. See Cain v. Smith, 686 F.2d 374, 382 (6th Cir. 1982).

The Sixth Circuit has held that a DEA agent, whom the parties agreed was an essential witness, was unavailable under section 3161(h)(3)(A) because he was on a prepaid honeymoon trip. See United States v. Meyer, 803 F.2d 246, 247-48 (6th Cir. 1986). In the present case, the witness at issue is unavailable due to his absence from the jurisdiction for reasons related to national security; his unavailability is not the result of the government's lack of preparation or failure to obtain his presence. Because the unavailability of this witness cannot be attributed to the prosecution, the Court finds that failure to grant a continuance would likely make the proceeding impossible or would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i). Thus, the Court finds that the delay requested by the government is properly excludable because the government's witness is an unavailable, essential witness in this case. See 18 U.S.C. §

3161(h)(3)(A)-(B). Accordingly, the government's Motion to Continue **[Doc. 119]** is **GRANTED**, and the trial is reset for **March 10, 2008.**

Although the government initially requested a two-week continuance, at the January 9 hearing, the new trial date was reset to March 10, 2008, the earliest possible date available on the District Court's calendar, in which all attorneys could be present. The Speedy Trial Act authorizes the Court to grant delays where the Court finds that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Section 3161(h)(8)(A) requires the Court to make a finding after carefully considering and balancing multiple factors, including the factors listed in that section. While it is true that the Speedy Trial Act requires that a criminal defendant's right to a speedy trial not be compromised by the problems of bureaucracy and the allocation of resources, this Court is not granting the government's request for a continuance because of general congestion of the District Court's calendar, but for the purposes set forth above regarding the administration of justice. This Court takes judicial notice of Judge Phillips's trial schedule for the month of February, which includes at least two complex, multi-defendant criminal trials, *United States v. Corona*, which will commence on February 4, 2008 and *United States v. Briddy*, which will commence on February 26, 2008. Given the extensive number of pretrial pleadings in these two cases, it is not unreasonable to estimate these trials will take at least one week to complete. Furthermore, Judge Phillips has another criminal drug trial commencing on February 13, 2008 (if *Corona* is concluded), and two more multi-defendant criminal drug trials on February 19, 2008, and February 20, 2008. All of these cases also have Speedy Trial Act strictures, thus trying to schedule defendant McCreary-Reed's trial during these previously scheduled trials would be an act of futility. His trial would inevitably be

postponed due to the trials listed above . Accordingly, this Court grants a continuance in this case until March 10, 2008 upon a determination that the relatively short delay is a reasonable one within the meaning and spirit of 18 U.S.C. § 3161(h)(8)(A).

Thus, the Court finds that the time between the date of the filing of pretrial motion, December 31, 2007, and the new date of the trial, March 10, 2008, is properly excludable from the operation of the Speedy Trial Act for the reasons listed above. See 18 U.S.C. § 3161(h)(3)(A)-(B), (h)(8)(A)-(B).

Accordingly, it is **ORDERED**:

>(1) The government's Motion to Continue **[Doc. 119]** is **GRANTED**;
>
>(2) The trial of this matter is reset to commence on **March 10, 2008, at 9:00 a.m.**, before the Honorable Thomas Phillips, United States District Judge;
>
>(3) All the time between the filing of the pretrial motions on **December 31, 2007**, hearing and the new trial date of **March 10, 2008**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge